1   Shawn Hanson (State Bar No. 109321)
    shanson@jonesday.com
2   Katherine S. Ritchey (State Bar No. 178409)
    ksritchey@jonesday.com
3   JONES DAY
    555 California Street, 26th Floor
4   San Francisco, CA  94104
    Telephone:    (415) 626-3939
5   Facsimile:    (415) 875-5700

6   Attorneys for Defendant
    THE STANDARD INSURANCE COMPANY
7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  **JOSE DUARTE,**                        **Case No. CV-08-03021-JSW**

13              **Plaintiff,**               **OPPOSITION TO PLAINTIFF'S
                                             MOTION TO STRIKE
14       **v.**                             DEFENDANT'S DECLARATION IN
                                             SUPPORT OF REMOVAL**
15  **THE STANDARD INSURANCE
    COMPANY, a subdivision of STANCORP,**   Hearing:      August 29, 2008
16  **and Does 1 through 50,**               Time:         9:00 a.m.
                                             Courtroom:    2, 17th Floor
17              **Defendants.**              Before the Honorable Jeffrey S. White

18

19  I.     **Introduction and Summary of Argument**

20         Plaintiff's Motion to Strike Defendant's Declaration in Support of Removal should be

21  denied.  The Declaration of Rebecca J. Jeffrey is reliable, includes admissible facts, and does not

22  contain hearsay.  Moreover, in an abundance of caution, Standard Insurance Company

23  ("Standard") attached supplementary declarations to its Opposition to Plaintiff's Motion for

24  Remand, curing any infirmities with the Declaration.

25  II.    **Background**

26         Plaintiff commenced this action against Standard and Does 1 through 50 by filing a

27  complaint in the Superior Court of the State of California for the County of Alameda (the

28  "Superior Court"), entitled *Jose Duarte v. The Standard Insurance Company, a subdivision of*

*Stancorp; and DOES 1 through 50*, Case No. RG08369292 on February 1, 2008.  Plaintiff asserts

that Standard should pay him disability benefits.  On June 18, 2008, Standard filed a General

Denial and Defenses in the Alameda County Superior Court.  Standard then removed the action to

this Court.  Standard filed the Declaration of Rebecca J. Jeffrey in Support of Defendant Standard

Insurance Company's Notice of Removal ("Jeffrey Decl.").  Dk. No. 3.   Plaintiffs moved to

remand (Dk. No. 18) and moved to strike the Jeffrey Declaration.

**III.**    **Argument**

     A.    Jeffrey's Declaration is Reliable

     Plaintiff asserts that the "basic facts" Jeffrey declared are "misleading."  Plaintiff's

Motion to Strike at 2.  These basic facts include where Standard "employs people, generates

revenues, owns assets or keeps and maintains its headquarters."  *Id.*  Plaintiff's assertion is

baseless for a number of reasons:

- Plaintiff does not specify how the declaration is misleading or unverified.  *Id*. at 2.  In contrast, the Jeffrey Declaration explained that Ms. Jeffrey gathered the relevant information from employees when she did not know the precise information herself.  Jeffrey Decl. at ¶ 2.

- Plaintiff's speculation that "employees" could also mean "independent contractors" is irrelevant.  Motion to Strike at 2-3.  The two terms – employee and independent contractor – are legally distinct regardless of Plaintiff's assertions.  *See, e.g., S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341, 350-51 (1989) (enumerating factors to consider in determining whether an individual performing a service is an employee or an independent contractor).

- The suggestion that Standard "may actually have millions of Californians covered by its policies, more than all the inhabitants of Oregon" is also speculation.  Motion to Strike at 3.  This kind of  speculation without any support and has no basis in a motion complaining about the quality of evidence.

Opposition to Plaintiff's Motion to Strike Def's
Decl. in Supp. of Removal; CV-08-03021-JSW

- The argument that a chief financial officer would know the precise details of Standard's insureds and their locations (*id.*) only points out why the Jeffrey Declaration was reasonable proof in the first place. A senior officer is not going to know those facts. In fact, no one person is going to know the residence of thousands of insureds throughout the country. The only way to make this proof is to do exactly what was done here. That is, consult the business records of the business and then summarize what those records show.

- Plaintiff also has an extended quarrel with Ms. Jeffrey's education and experience and those of the employees she consulted. *Id.* at 2. The Court can presume that a trained corporate paralegal is in a position to gather basic facts about Standard's operations.

- Standard is a citizen of Oregon. *See, e.g., Albino v. Standard Insurance Co.,* 349 F.Supp. 1334, 1338 (C.D. Cal. 2004); *Jewett v. Standard Insurance Co.,* 2004 U.S. Dist. LEXIS 22707, *7 (C.D. Cal. October 26, 2004).

B.   Standard Relied Upon Admissible Evidence to Demonstrate Standard's Citizenship

Standard cured any infirmities with the Jeffrey Declaration by filing supplementary declarations. Although Standard does not concede that Jeffrey's declaration is insufficient, in an abundance of caution, Standard attached supplementary declarations to its Opposition to Plaintiff's Motion to Remand to establish Standard's citizenship. *See* Declaration of Brent Stephens in Support of Defendant's Opposition to Plaintiff's Motion for Remand, Declaration of Cathy Tran in Support of Defendant's Opposition to Plaintiff's Motion for Remand; Declaration of Brent Mekvold in Support of Defendant's Opposition to Plaintiff's Motion for Remand; and Declaration of Molly Amano in Support of Defendant's Opposition to Plaintiff's Motion for Remand (collectively "Supplementary Declarations"). The Court may rely upon the Supplementary Declarations. *See Barrow Dev. Co., Inc. v. Fulton Ins. Co.,* 418 F.2d 316, 318

Opposition to Plaintiff's Motion to Strike Def's Decl. in Supp. of Removal; CV-08-03021-JSW

1    (9th Cir. 1969). "In *Barrow,* the court held that allegations in a removal notice that are defective

2    in form, but not so lacking in substance, may be amended." *Piazza v. EMPI, Inc.,* 2008 U.S. Dist.

3    LEXIS 28136, *29 (E.D. Cal. February 28, 2008).[1]

4
5    The Jeffrey Declaration and Supplementary Declarations leave no doubt that Standard is a

6    citizen of Oregon.  Standard was, at the time of filing this action, and still is, incorporated in

7    Oregon, and its principal business office is in Portland, Oregon.  The day-to-day control of

8    Standard is exercised from Oregon. The individuals who control the day-to-day operations of

9    Standard's business work at Standard's corporate headquarters, located in Portland, Oregon.

10   Standard supervises its business operations throughout the country from Oregon.  The vast

11   majority of Standard's employees, real property and personal property are located in Oregon.

12   Jeffrey Decl.; Supplemental Declarations.  Standard is not a citizen of the State of California.  *See*

13   *Albino v. Standard Ins. Co.,* 349 F.Supp.2d 1334, 1336 (C.D. Cal. 2004); *Jewett v. Standard Ins.*

14   *Co.,* 2004 WL 2475553, *7 (C.D. Cal. 2004).

15

16       3.    <u>Any Hearsay in the Jeffrey Declaration is Admissible Under the Business Records</u>
        <u>Exception</u>

17

18   Plaintiff makes a passing argument that the Jeffrey Declaration should be struck because it

19   contains hearsay.  While hearsay is not admissible, Federal Rule of Evidence 803 provides

20   numerous exceptions. Among these exceptions is the business records exception, which provides:

21           A memorandum, report, record, or data compilation, in any form,
        of acts, events, conditions, opinions, or diagnoses, made at or near

22           the time by, or from information transmitted by, a person with
        knowledge, if kept in the course of a regularly conducted business

23           activity, and if it was the regular practice of that business activity
        to make the memorandum, report, record or data compilation, all

24           as shown by the testimony of the custodian or other qualified

25

26       [1] The *Piazza* case illustrates why Plaintiff's Motion to Strike should be denied because
        *Piazza* considered arguments like those presented here and rejected them.  The Court in *Piazza*
        recognized that proof of corporate citizenship is more arduous than that of an individual. *Id.* at
27   *27-28.  *Piazza* relied on declarations that were based on corporate records. *Id.* at *9-10.  *Piazza*
        also notes that a motion to remand can fail when, as is the case here, the party seeking remand
28   "has offered no evidence to rebut" the declaration. *Id.* at *34.

        Opposition to Plaintiff's Motion to Strike Def's
        Decl. in Supp. of Removal; CV-08-03021-JSW

1   witness, or by certification that complies with Rule 902(11), Rule
2   902(12), or a statute permitting certification, unless the source of
    information or the method or circumstances of preparation indicate
3   lack of trustworthiness. The term "business" as used in this
    paragraph includes business, institution, association, profession,
4   occupation, and calling of every kind, whether or not conducted for
    profit.
5

6   Fed. R. Evid. 803(6).

7        The Jeffrey Declaration relies upon records kept in Standard's ordinary course of

8   business.  For example, ¶¶ 8, 9, 10 and 11 of the Jeffrey Declaration rely upon precise statistics

9   and incorporate tables and charts.  These paragraphs fall within the business records exception to

10  the hearsay rule.  They confirm that the vast majority of Standard's employees, real property and

11  personal property are located in Oregon.  In an abundance of caution, to the extent that Jeffrey's

12  Declaration does contain hearsay, the infirmity has been cured by the Supplementary

13  Declarations.

14       Furthermore, the Court may consider the information under Federal Rule of Evidence

15  1006.  Rule 1006 permits the presentation of voluminous writings or records in the form of

16  summary testimony.

17  **IV.    Conclusion**

18       For the foregoing reasons, Plaintiff's Motion to Strike should be denied.

19

20  Dated: August 8, 2008                        Respectfully submitted,

21                                               Jones Day

22

23                                               By:  /s/ Shawn Hanson
                                                      Shawn Hanson
24
                                                 Attorneys for Defendant
25                                               THE STANDARD INSURANCE
                                                 COMPANY
26

27  SFI-588536v2

28

                                                 Opposition to Plaintiff's Motion to Strike Def's
                                                 Decl. in Supp. of Removal; CV-08-03021-JSW