IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE DUARTE,

    Plaintiff,

v.

THE STANDARD INSURANCE COMPANY, et al.,

    Defendants.

No. C 08-03021 JSW

**ORDER GRANTING MOTION TO STRIKE**

## INTRODUCTION

Now before the Court is the Motion to Strike Plaintiff's First Amended Complaint or, in the Alternative, to Dismiss Fifth, Sixth, and Seventh Causes of Action from Plaintiff's First Amended Complaint filed by Defendant, the Standard Insurance Company ("Standard"). Defendants Gary Yee, Edgar Rakestraw, Jr., Kerry Hamill, Alice Spearman, Noel Gallo, David Kakishiba, Dan Siegel, Gregory Hodge, Vincent C. Matthews, and Oakland Unified School District (collectively, "the School District Defendants"), who have all been added as named defendants in the First Amended Complaint, join in the motion. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY GRANTS the motion.

## BACKGROUND

On February 1, 2008, Plaintiff Jose Duarte ("Duarte") filed a complaint in the Alameda County Superior Court against Standard, in which he asserted claims for breach of contract,

1  breach of the implied faith of the covenant of good faith and fair dealing, bad faith breach of an
2  insurance contract, violations of California's Unruh Act, and violations of California Business
3  and Professions Code § 17200.  (Docket No. 1 (Notice of Removal, Ex. A).)  In 2005, Plaintiff
4  filed a case against the School District Defendants, which was settled while this action was
5  pending, although there apparently is a dispute about the scope of that settlement.  (*See*
6  *generally* Standard's Request for Judicial Notice, Exs. 1-3.)[1]

7  On September 22, 2008, the parties filed their Joint Case Management Statement.  In
8  that statement, Duarte represented that he "anticipates amending the pleadings."  (Docket No.
9  35 (Case Management Statement, ¶ 5).)  At the Case Management Conference held on
10 September 26, 2008, the Court ordered that "Pleadings to be amended (by stipulation or filing
11 of a motion) by 10-17-08."  (Docket No. 51 (Civil Minute Order).)

12 On December 10, 2008, Duarte filed an Amended Complaint, in which he named the
13 Oakland Unified School District ("OUSD") as defendant and added claims for relief for breach
14 of contract and declaratory and injunctive relief based on OUSD's failure to pay him long term
15 disability benefits.[2]  (*See* Docket No. 41.)  On December 11, 2008, the Court struck the
16 amended complaint for failure to comply with Northern District Local Rule 10-1.[3]  (Docket No.
17 42.)

18 On April 30, 2009, Duarte filed his First Amended Complaint, in which he adds three
19 new claims for relief against Standard and adds claims against the School District Defendants.

**ANALYSIS**

21 Standard moves to strike the First Amended Complaint on the basis that Duarte did not
22 seek leave of Court or Standard's permission before he filed it.  Pursuant to Federal Rule of

---

[1] Standard's Request for Judicial Notice is GRANTED, and the Court takes judicial notice only of the existence of these court records.

[2] Although Duarte also named Randolph Ward as a defendant in the caption of this pleading, Mr. Ward is not referenced in the body of the document.

[3] The Court focused on this defect and, thus, inadvertenly overlooked the fact that Duarte filed Amended Complaint beyond the deadline set at the CMC and without a stipulation or a motion. The Court's order was not intended to excuse Plaintiffs' failure to comply with the October 17, 2008 deadline.

2

Civil Procedure 15, a party may amend "once as a matter of course ... before a responsive pleading is served." Fed. R. Civ. P. 15(a).  After an answer is filed, however, a party can only amend with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(b).  In this case, Standard filed an answer before Duarte filed the First Amended Complaint ("FAC").  Duarte did not seek leave of Court to file the FAC, and Standard did not consent to the amendment. Although the Court could strike the FAC on that basis, it will consider whether leave to amend should be granted.

Plaintiff argues that the liberal standards of Rule 15 apply. *See* Fed. R. Civ. P. 15(b) ("The Court should freely give leave when justice so requires.").  However, at the September 26, 2008, case management conference, the Court Ordered that any motions or stipulations to amend the existing complaint were due by October 17, 2008.  As noted above, Plaintiff failed to comply with that deadline and, as such, the Court addresses the issue under Federal Rule of Civil Procedure 16. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Under Rule 16, a plaintiff must demonstrate good cause to amend a pleading and this standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court concludes Plaintiff has not demonstrated good cause.[4]  First, Plaintiff initially attempted to amend his complaint almost two months after the Court imposed deadline, without a motion and without a stipulation.  The current attempt was made approximately six months after that deadline, again without a motion and without a stipulation.  Plaintiff asserts that the Court's Order striking his first amended complaint somehow abrogated the October 17, 2008 deadline and indefinitely extended the deadline by which he could file an amended complaint. That was not the intent of the Court's Order.  If Plaintiff required any clarification, the prudent course of action would have been to seek relief from the Court.  Plaintiff offers no other explanation for his delay.

---

[4] Indeed, Plaintiff does not address the good cause standard in his opposition to Defendant's motion.

3

Second, Plaintiff also does not refute Standard's contention that he has been aware of the facts underlying the new claims that he wishes to assert against it since the outset of this action. "Even under the liberal Rule 15 standard 'late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" *Medrano v. Autozone*, 2008 WL 2609703 at *1 (N.D. Cal. June 30, 2008) (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Similarly, although Plaintiff contends that his claim against OUSD did not become ripe until March 2009, that assertion is belied by the fact that he initially tried to amend the complaint to include OUSD in December 2008 and the facts that underlie this claim have been known to Plaintiff since the inception of this action.[5]

Accordingly, the Court concludes that Plaintiff has not demonstrated good cause for the amendments and the motion to strike is GRANTED.[6]

**IT IS SO ORDERED.**

Dated: June 22, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[5] In addition, there is no suggestion that Plaintiff has attempted to exhaust any grievance procedures required by the Collective Bargaining Agreement.

[6] This Order moots the motion to dismiss filed by OUSD and all deadlines and the hearing on that motion is VACATED.

4